*199 OPINION OF THE COURT
Per Curiam.
By decision and order of this Court dated November 25, 2011, the respondent was immediately suspended from the practice of law in the State of New York pursuant to 22 NYCRR 691.4 (I) (1) (i) and (iii); the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated August 2, 2011, and the issues raised were referred to the Honorable Stella Schindler, as Special Referee to hear and report. By the same decision and order, this Court authorized substituted service of all papers in the proceeding by affixing the papers to the door at 35-51 162nd Street, Flushing, N.Y. 11358, and the outer door at 194-02 Northern Boulevard, Suite 208, Flushing, N.Y. 11358, and by mailing the papers to those addresses, by first class mail.
The Grievance Committee now moves to impose discipline against the respondent upon his default in that he failed to timely submit an answer to the petition within the time set forth in this Court’s decision and order dated November 25, 2011.
The petition contains three charges of professional misconduct alleging that the respondent has engaged in a pattern and practice of failing to cooperate with the Grievance Committee’s investigation of complaints of professional misconduct filed against him, engaged in a pattern and practice of misappropriating funds entrusted to him as a fiduciary, incident to the practice of law, and failed to reregister as an attorney with the Office of Court Administration, in violation of rules 8.4 (c), (d), (h) and 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
A copy of the decision and order of this Court dated November 25, 2011, suspending the respondent and directing him to submit an answer to the petition within 20 days after service upon him of the decision and order, was served on the respondent in accordance with the November 25, 2011 order. The respondent failed to serve and file an answer within the time set forth in the November 25, 2011 decision and order, or move for additional time in which to submit an answer.
A copy of the instant motion was served on the respondent on December 29, 2011, by mailing a copy of the motion papers to his home residence and office address, and affixing a copy of the *200 papers to the door of his home address and the outer door of his office premises. The respondent has failed to respond to the motion or move for additional time in which to submit a response.
Accordingly, the Grievance Committee’s motion is granted, the charges in the petition are deemed established, and effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law.
Mastro, A.EJ., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the petitioner’s motion is granted upon the respondent’s default; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Yountae Yoo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Yountae Yoo, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Yountae Yoo, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Yountae Yoo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).